# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 12-858 DSF (AJWx) | Date | 06/28/12 |
|---|---|---|---|
| Title | Jack Miller v. Aurora Loan Services LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): ORDER TO SHOW CAUSE RE REMAND TO STATE COURT

On May 30, 2012, this action was removed from California Superior Court. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant claims that federal subject matter jurisdiction exists based on 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Notice of Removal at 2.) Federal courts have diversity jurisdiction over all civil actions in which (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Complete diversity requires that all plaintiffs have different citizenship from all defendants. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). A limited liability corporation is a citizen of the states of which each of its members is a citizen. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant has not sufficiently established its citizenship. Rather than alleging the citizenship of Aurora Loan Services LLC, Defendant alleges the citizenship of that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

entity's corporate parent.[1] (Notice of Removal at 2.) Thus, the Court cannot determine whether subject matter jurisdiction exists.

Defendant is ordered to show cause, in writing, no later than July 9, 2012, why the case should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff may also file a response within the same time period. Failure by Defendant to respond by the above date will result in the Court remanding the action to state court.

IT IS SO ORDERED.

---

[1] Plaintiff has filed a First Amended Complaint (FAC). (Docket No. 8.) The allegations in the FAC do not resolve the citizenship issue. Plaintiffs have also filed a motion to remand on the basis that Defendant has failed to establish that the amount in controversy exceeds $75,000. (Docket No. 9.)